UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RW JOHNSON MOTTMAN PLAZA CONDOMINIUM OWNERS ASSOCIATION, a Washington nonprofit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>QBE INSURANCE GROUP LIMITED, a foreign corporation; GENERAL CASUALTY COMPANY OF WISCONSIN, a Wisconsin corporation,<br><br>Defendants. | Case No.: _____<br><br>**DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**<br><br>**(CLERK'S ACTION REQUIRED)** |

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441 and § 1146, General Casualty Company of Wisconsin ("General Casualty") hereby removes to this Court the state court action entitled *RW Johnson Mottman Plaza Condominium Owners Association v. QBE Insurance Group Limited; General Casualty Company of Wisconsin*, pending in the Superior Court of the State of Washington in and for the County of Thurston, under Case No. 21-2-01239-34 (the "State Court Action") on the grounds of diversity jurisdiction.

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (b) (DIVERSITY) - 1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\53643061\1

## I.     PROCEDURAL HISTORY

Plaintiff, RW Johnson Mottman Plaza Condominium Owners Association ("Plaintiff"), a Washington nonprofit corporation, served General Casualty with the Complaint via statutory service of process on the Insurance Commissioner of the State of Washington (the "Insurance Commissioner") on July 22, 2021. Declaration of Kevin A. Michael ("Michael Decl."), Ex. 1. A copy of the Complaint in the State Court Action received by the Insurance Commissioner is attached as Exhibit 2 ("Complaint") to the Michael Decl. The Insurance Commissioner mailed the Summons and Complaint to General Casualty on July 19, 2021. Michael Decl., Ex. 1. Removal is thus timely under 28 U.S.C. § 1446(b) because fewer than 30 days have passed since service of the Summons and Complaint upon General Casualty.

## II.     NATURE OF DISPUTE

This is an insurance coverage dispute. General Casualty issued certain insurance policies to named insured "RW Johnson Mottman Plaza," for property located at 2620 RW Johnson Boulevard, Tumwater, Washington 98512 (the "Subject Property"). In March 2020, Plaintiff reported to General Casualty damage to the siding at the Subject Property.

After completing a thorough investigation, General Casualty determined that there was no coverage for the damages associated with the improper construction, long term decay, and deterioration of the building materials and framing behind the siding, or the interior water damages observed in the building. General Casualty denied coverage for the claimed losses. Plaintiff's lawsuit contests General Casualty's coverage determination, and alleges breach of contract, breach of the Insurance Fair Conduct Act pursuant to RCW 48.30.010 *et seq.*, breach of the Washington State Consumer Protection Act, RCW 19.86, *et seq.*, and bad faith. Complaint, ¶¶6.1-9.4. Plaintiff seeks declaratory judgment, actual and consequential damages,

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (b)
(DIVERSITY) - 2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\53643061\1

treble damages under RCW 19.86 *et seq.*, treble damages pursuant to RCW 48.30 *et seq.*, and attorneys' fees and costs. *Id.* at ¶10.1-10.5.

### III.  GROUNDS FOR REMOVAL

The State Court Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this court by Defendant General Casualty pursuant to U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**A. The Amount In Controversy Is Satisfied Because General Casualty Has A Good Faith Basis To Believe That Plaintiff Is Seeking Damages In Excess Of $75,000.**

In the State Court Action, Plaintiff alleges that General Casualty is responsible for damages to the Subject Property. Although General Casualty denies it owes coverage for the damages, Plaintiff has demanded no less than $67,550.95 for their actual damages. Complaint, ¶4.13-4.14. In addition to actual damages, Plaintiff seeks treble damages under the Washington State Consumer Protection Act, 19.86 *et seq.* up to $25,000 per violation, treble damages under the Insurance fair Conduct Act, RCW 48.30 *et seq.*, and attorneys' fees and costs. Although General Casualty denies these allegations, based on the allegations in Plaintiff's Complaint and Plaintiff's prayer for actual damages in an amount exceeding $67,550.95, treble damages and attorneys' fees, Plaintiff seeks damages well in excess of the jurisdictional amount of $75,000.

**B. Complete Diversity Exists Because Plaintiff Is a Citizen Of Washington, Whereas Defendant Is a Citizen of Wisconsin.**

A corporation is a citizen of any state in which it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c). *See also Corral v. Portfolio*

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (b) (DIVERSITY) - 3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\53643061\1

*Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017). The Complaint filed in the State Court Action alleges that Plaintiff has its principal place of business in Thurston County, Washington. Complaint, ¶2.1. Accordingly, Plaintiff is a citizen of Washington State. General Casualty is incorporated in Wisconsin and maintains its principal place of business in Sun Prairie, Wisconsin. *See* Complaint at ¶ 2.3; Michael Decl., Ex. 3. QBE Insurance Group, Limited is alleged to be a corporation organized under the laws of Australia. *See* Complaint at ¶ 2.2; Michael Decl., Ex. 4. Complete diversity exists because no party is a citizen of the same state as the other.

### C. Venue Is Proper.

Removal to this Court is proper because the State Court Action was filed in this Court's district. *See*, 28 U.S.C. § 1441(a). In particular, the Subject Property and the State Court Action are both situated in Thurston County, making the Tacoma Division proper.

### IV. STATE COURT PLEADINGS

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders in the State Court Action served upon General Casualty as of August 17, 2021, are filed with this Notice of Removal of Civil Action as follows: (1) Case Information Sheet (Exhibit 5); (2) Summons (Exhibits 6 and 7); (3) Complaint (Exhibit 2); (4) Notice of Assignment (Exhibit 8); (5) Affidavit Declaration Certificate Confirmation of Service (Exhibit 1). There are no hearings or motions currently pending in the State Court Action.

### V. CONCLUSION

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal of Civil Action will be promptly filed in the State Court Action and served upon Plaintiff.

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (b) (DIVERSITY) - 4

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\53643061\1

Based on the foregoing, General Casualty removes to this Court the State Court Action.

DATED this 17th of August, 2021.

                              COZEN O'CONNOR

By:   */s/ Kevin A. Michael*
       Kevin A. Michael, WSBA No. 36976
       999 Third Avenue, Suite 1900
       Seattle, WA 98104
       Telephone: 206.340.1000
       Toll Free Phone: 800.423.1950
       Facsimile: 206.621.8783

*Attorney for Defendant General Casualty Company of Wisconsin*

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (b) (DIVERSITY) - 5

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\53643061\1

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

Also, on August 17, 2021, I caused the foregoing document to be served upon counsel of record at the address and in the matter described below:

| | |
|---|---|
| Franklin D. Cordell, WSBA No. 26392<br>Gordon Tilden Thomas & Cordell LLP<br>600 University Street, Suite 2915<br>Seattle, WA 98101<br>Email: fcordell@gordontilden.com<br>*Counsel for Plaintiff* | ( )  Via Legal Messenger<br>( )  Via Overnight Courier<br>( )  Via Facsimile<br>(X) Via ECF<br>(X) Via Email |
| John D. Cadagan, WSBA No. 47996<br>Gordon Tilden Thomas & Cordell LLP<br>600 University Street, Suite 2915<br>Seattle, WA 98101<br>Email: jcadagan@gordontilden.com<br>*Counsel for Plaintiff* | ( )  Via Legal Messenger<br>( )  Via Overnight Courier<br>( )  Via Facsimile<br>(X) Via ECF<br>(X) Via Email |

SIGNED AND DATED this 17th day of August, 2021.

COZEN O'CONNOR

By */s/ Leslie Yamashita*
Leslie Yamashita, Legal Assistant

999 Third Avenue, Suite 1900
Seattle, WA 98104
Telephone: 206.340.1000
Toll Free Phone: 800.423.1950
Facsimile: 206.621.8783

LEGAL\22804073\1 88888.8888.888/803159.000

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (b) (DIVERSITY) - 6

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\53643061\1